# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BRIAN L. YOUNG,**

    **Plaintiff,**

**vs.**                                            **Case No. 4:07cv41-MP/WCS**

**JOE NICHOLS, et al,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated in the Newton County Jail in Covington, Georgia, has submitted a civil rights complaint, doc. 1, an *in forma pauperis* motion, doc. 2, motion for appointment of counsel, doc. 5, and supporting documents, docs. 3-4. The Defendants named in this case are also located in Covington, Georgia, and the allegations concern events there as well. Doc. 1. Therefore, pursuant to 28 U.S.C. § 1391(b), the proper forum for this action is in the United States District Court for the Northern District of Georgia, Atlanta Division. 28 U.S.C. § 90(a)(2).

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v.

<u>New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988). The <u>Lipofsky</u> court did not place the same limitations on the court's ability to *sua sponte* transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a). See <u>Lipofsky</u>, 861 F.2d at 1259, n.2. Thus, it is recommended that the case be transferred rather than dismissed. There is no need for a hearing prior to transfer.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a) and 1391(b), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Northern District of Georgia, Atlanta Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 8, 2007.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**